IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SABINA BURTON,

                              Plaintiff,

  v.

BOARD OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM, THOMAS CAYWOOD,
ELIZABETH THROOP, and MICHAEL DALECKI,

                              Defendants.

ORDER

14-cv-274-jdp

---

Plaintiff Sabina Burton filed this lawsuit in 2014, alleging discrimination and retaliation by University of Wisconsin—Platteville officials. In 2016, I granted defendants' motion for summary judgment and dismissed the case because I concluded that no reasonable jury could find in Burton's favor. Dkt. 90. That decision was affirmed on appeal. *See Burton v. Bd. of Regents of Univ. of Wisconsin Sys.*, 851 F.3d 690 (7th Cir. 2017). Now, almost three and a half years after I entered judgment for defendants, Burton has filed a pro se motion to vacate the judgment entered against her under Federal Rule of Civil Procedure 60(b)(6). Dkt. 113. She contends that relief from judgment under Rule 60 is warranted because "[i]mportant, material documents that were used as basis for [her] dismissal were withheld and hidden from her" in her 2014 case. Dkt. 115, at 3.

I will deny Burton's motion because Rule 60 does not afford the relief that she seeks. Under Rule 60(b), a court may relieve a party from a final judgment and re-open the case for any of the following reasons:

    (1) Mistake, inadvertence, surprise, or excusable neglect;

> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) Fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) The judgment is void;
>
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) Any other reason that justifies relief.

Burton is seeking relief from judgment because of newly discovered evidence, as provided under Rule 60(b)(2). The problem is that a motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Here, it has been more than three years since the entry of judgment, so any motion to reopen the case under Rule 60(b)(2) is untimely. Rule 60(b)'s one-year time limit "is jurisdictional and cannot be extended." *Arrieta v. Battagli*, 461 F.3d 861, 864 (7th Cir. 2006). This is so even where the moving party is not at fault for the failure to discover the evidence in question, and even when the newly discovered evidence would have a significant bearing on the case. *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Cargage Co.*, 69 F.3d 1312, 1315 (7th Cir. 1995) ("[T]here is no exception to Rule 60(b)(2) for 'conclusive' evidence.").

Burton attempts to circumvent these rules by framing her motion as brought under Rule 60(b)(6), which carries no fixed time limit for filing. But "if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available. To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless."

2

*Arrieta*, 461 F.3d at 865 (internal citations omitted). Burton's motion is premised entirely on the alleged discovery of new evidence, so it does not qualify for relief under Rule 60(b)(6).

Because Burton's Rule 60(b) motion is untimely, I will deny her request to vacate the 2016 judgment.

ORDER

IT IS ORDERED that plaintiff Sabina Burton's motion for relief from judgment under Rule 60(b), Dkt. 113, is DENIED.

Entered September 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge