IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SABINA BURTON,

                Plaintiff,

v.

BOARD OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM, THOMAS CAYWOOD,
ELIZABETH THROOP, and MICHAEL DALECKI,

                Defendants.

ORDER

14-cv-274-jdp

---

Plaintiff Sabina Burton has filed yet another motion seeking to reopen this long-closed case. Dkt. 119. Again, she contends that defendants withheld documents in discovery, which is an issue she has raised before. Dkt. 113. In my last order, I told her that I would not consider any additional motions on this issue. Dkt. 118.

This time, she invokes the "fraud on the court" doctrine, under which a court may exercise its inherent authority to set aside a judgment obtained by fraud even after the statutory period for seeking relief from a final judgment has expired. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 244 (1944), *overruled on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976); Fed. R. Civ. P. 60(d)(3). Despite the invocation of a new legal doctrine, she's raising the same issue yet again, and I will deny her motion.

The new doctrine wouldn't help anyway. Other than in patent cases, the "fraud on the court" doctrine is "interpreted narrowly" to include only "corruption of the judicial process itself." *Matter of Met-L-Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir. 1998). Discovery violations do "not constitute the type of extraordinary circumstances which would justify relief . . . on

the basis of fraud on the court." *Marquip, Inc. v. Fosber Am., Inc.*, 30 F. Supp. 2d 1142, 1146 (W.D. Wis. 1998), *aff'd*, 198 F.3d 1363 (Fed. Cir. 1999).

ORDER

IT IS ORDERED that plaintiff Sabina Burton's motion for relief from judgment and spoliation sanctions, Dkt. 119, is DENIED.

Entered March 11, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge